# Exhibit A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

THC – ORANGE COUNTY, LLC, a California limited liability company; "Additional Parties Attachment Form is attached"

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JEFF ALLEN LAWSON, an individual, on behalf of himself and others similarly situated

***FOR COURT USE ONLY***
***(SOLO PARA USO DE LA CORTE)***

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
2/5/2026 9:29:06 AM

Clerk of the Superior Court
By M. Schwenke ,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court
330 West Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):*
26CU006103C

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
D.Law, Inc., Alvin Lindsay, 450 N Brand Blvd, Suite 840, Glendale, CA 91205 / Ph: (818) 962-6465

DATE: *(Fecha)* February 6, 2026 Clerk, by *(Secretario)* M. Schwenke , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

**SUM-200(A)**

| SHORT TITLE: Lawson v.THC – ORANGE COUNTY, LLC, et al. | CASE NUMBER: 26CU006103C |
|---|---|

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☒ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

KINDRED HEALTHCARE OPERATING, LLC, a Delaware limited liability company;
KINDRED HOSPITAL – SAN DIEGO, an entity of unknown form;
and DOES 1 through 50, inclusive,



Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

Print this form | Save this form | Clear this form

**D.LAW, INC.**
Alvin B. Lindsay (SBN 220236)
a.lindsay@d.law
William Tran (SBN 335908)
w.tran@d.law
450 N. Brand Blvd. Suite 840,
Glendale, CA 91203
Telephone: (818) 962-6465
Facsimile: (818) 962-6469

Attorneys for Plaintiff JEFF ALLEN LAWSON, on behalf of himself and others similarly situated

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
2/4/2026 12:43:21 PM

Clerk of the Superior Court
By J. Siharath ,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

JEFF ALLEN LAWSON, an individual, on behalf of himself and others similarly situated,

Plaintiff,

vs.

THC – ORANGE COUNTY, LLC, a California limited liability company; KINDRED HEALTHCARE OPERATING, LLC, a Delaware limited liability company; KINDRED HOSPITAL – SAN DIEGO, an entity of unknown form; and DOES 1 through 50, inclusive,

Defendants.

Case No.: 26CU006103C

REPRESENTATIVE ACTION

*Assigned for All Purposes To:*
Hon.
Dept.:

**COMPLAINT FOR REPRESENTATIVE ACTION FOR PENALTIES UNDER PRIVATE ATTORNEYS GENERAL ACT, LABOR CODE § 2698 ET SEQ. FOR:**

1. Failure to Pay Minimum Wages;
2. Failure to Pay Wages and Overtime Under Labor Code § 510;
3. Failure to Pay Reporting Time Under 8 CCR § 11040(5);
4. Meal Period Liability Labor Code § 226.7;
5. Rest Period Liability Labor Code § 226.7;
6. Violation of Labor Code §§ 226(a), 1174;
7. Violation of Labor Code § 204;
8. Violation of Labor Code § 203;
9. Violation of Labor Code § 221; and
10. Failure to Reimburse Necessary Business Expenses under Labor Code § 2802.

Plaintiff JEFF ALLEN LAWSON (hereinafter "Plaintiff"), on behalf of himself and other similarly Aggrieved Employees of Defendants within the state of California during the relevant time period, complains of Defendants, and each of them, as follows:

**INTRODUCTION**

1. This is a Representative Action, pursuant to the Private Attorneys General Act of 2004, Labor Code § 2698 *et seq.* ("PAGA") on behalf of Plaintiff and similarly situated aggrieved employees who currently work or formerly worked as non-exempt, hourly employees, during the relevant period ("Aggrieved Employees" or "Employees") for Defendants THC – ORANGE COUNTY, LLC, a California limited liability company; KINDRED HEALTHCARE OPERATING, LLC, a Delaware limited liability company; KINDRED HOSPITAL – SAN DIEGO, an entity of unknown form, and DOES 1 through 50 (all defendants being collectively referred to herein as "Defendants"). From at least one year prior to the date Plaintiff began the process of exhausting the administrative requirements pursuant to Labor Code § 2698 *et seq*. on November 26, 2025 (LWDA-CM-1140804-25) and continuing through resolution (the "liability period"), Defendants have had a consistent policy of failing to pay minimum wages and overtime wages, failing to pay reporting time, failing to provide Employees with meal and rest periods, failing to issue accurately itemized wage statements, failing to timely pay all wages due to their Employees during their employment and timely upon separation from employment, failing to maintain required records, and failing to reimburse for necessary business expenses, among other violations. Plaintiff alleges that Defendants violated various provisions of the California Labor Code and relevant orders of the Industrial Welfare Commission ("IWC") and seeks redress for these violations in the form of civil penalties and other amounts as authorized under the PAGA.

2. Plaintiff and the Aggrieved Employees worked as non-exempt hourly employees by Defendants THC – ORANGE COUNTY, LLC; KINDRED HEALTHCARE OPERATING, LLC; and KINDRED HOSPITAL – SAN DIEGO, in positions generally pertaining to providing health care related services to Defendants' patients. Plaintiff and the Aggrieved Employees were required to perform work tasks and provide health care related services based out of Defendants' locations and facilities in San Diego, California.

3. Defendant THC-OC lists its principal address as 680 South Fourth Street, Louisville, Kentucky 40202 with the California Secretary of State. It lists its type of business as "Healthcare." The wage statements issued to Plaintiff lists "THC – Orange County, LLC" as one of his employers with the same address listed with the California Secretary of State.

4. Defendant KHO also lists its principal address as the same as THC-OC. Furthermore, its website explains that: "With more than 50 specialty hospitals located in 16 states, Kindred Hospitals is driven to deliver exceptional outcomes for our medically complex patients across the country." Its website also lists KHSD as one of its specialty hospitals, providing long-term acute care at 1940 El Cajon Boulevard, San Diego, CA 92104 – where Plaintiff worked. Additionally, the wage statements issued to Plaintiff lists "Kindred Hospital – San Diego" as one of his employers, along with THC-OC.

5. Plaintiff and the Aggrieved Employees of Defendants worked in Defendants' locations and facilities, at Defendants' behest and without being paid all wages due and without being provided all their required meal periods and rest breaks. Upon information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and responsibilities; (2) was subjected to the same policies and practices; and (3) endured similar violations at the hands of Defendants as the other Aggrieved Employees who served in similar and related positions at Defendants' facilities, warehouse, and locations.

6. This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure § 410.10 and Labor Code § 2698, *et seq*. ("the PAGA"). This Action is brought as a Representative Action on behalf of similarly Aggrieved Employees of Defendants pursuant to the PAGA. Venue as to Defendants is also proper in this judicial district pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred, at least in part in Los Angeles County and at Defendants' facilities in Los Angeles County, along with any other California distribution center locations.

7. The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names under Code of Civil

Procedure § 474. Plaintiffs are informed and believe and thereon allege that Defendants designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

8. Plaintiffs are informed and believe and thereon allege that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Employees. Defendants, and each of them, exercised control over the wages, hours or working conditions of Employees, created and implemented the policies and practices that governed the employment of Plaintiffs and the Aggrieved Employees and dictated their job duties and responsibilities, or otherwise suffered or permitted Plaintiffs and the other Aggrieved Employees to work, or engaged them, thereby creating a common law employment relationship with the Aggrieved Employees. Therefore, Defendants, and each of them, employed or jointly employed the Aggrieved Employees.

## FACTUAL BACKGROUND

9. During the relevant liability period, Defendants required Plaintiff and the Aggrieved Employees to work off-the-clock and failed to accurately record the hours they worked on the clock, failed to pay them at the appropriate rates for all hours worked, failed to pay all wages due and owing at termination or resignation, and failed to provide Plaintiff and the Aggrieved Employees with accurate itemized wage statements that prevented them from learning of these unlawful pay practices. Defendants also failed to provide Plaintiff and the Aggrieved Employees with lawful meal and rest periods, as Aggrieved Employees were required to remain under Defendants' control and were not provided with the opportunity to take full uninterrupted and duty-free rest periods and meal breaks, as required by the Labor Code and the applicable paragraphs of the IWC Wage Orders.

10. The Aggrieved Employees, including Plaintiff, are non-exempt employees pursuant to the applicable Wage Order of the Industrial Welfare Commission ("IWC"). During the relevant time

period, the Aggrieved Employees were employed by Defendants and worked in non-exempt positions at the direction of Defendants in the State of California. Plaintiff and the Aggrieved Employees were either not paid by Defendants for all hours worked or were not paid at the appropriate minimum, regular and overtime rates. Defendants further made unlawful deductions from Employees' pay, failed to provide timely, uninterrupted meal and rest breaks, failed to furnish accurate wage statements, and failed to reimburse necessary business expenditures, all in violation of various provisions of the California Labor Code and applicable Wage Orders.

11. During the relevant time period, Plaintiff and the Aggrieved Employees were not paid all wages they were owed despite being subject to Defendants control (resulting in "off-the-clock" work) and for all their overtime hours worked, and they were not paid at the required rates for overtime. This has resulted in systematic and ongoing violations of the California Labor Code and relevant IWC Wage Orders. Upon information and belief, Defendants subjected Plaintiff and the Aggrieved Employees to similar policies and practices which resulted in similar violations as to the other similarly situated non-exempt employees based out of their locations and facilities in California.

12. Plaintiff worked as a Respiratory Therapist with duties that included managing life support and ventilators of patients, maintain airways and use of artificial airways for patients, provide medication and treatments to patients, participating in meetings with doctors, and moving equipment across the facilities.

13. Plaintiff was generally scheduled work alternating weeks. Plaintiff was scheduled to work three days a week, twelve hours a day, with shift times generally spanning twelve hours from 6:00 p.m. through 6:30 a.m. However, Plaintiff was required by Defendants to endure substantial off-the-clock work before and after his scheduled shift hours and was not paid for all his hours worked at the regular rate and at the correct overtime rates, especially during shifts under a three-day alternative workweek schedule.

14. Defendants' policy and practice of requiring systematic off-the-clock work flowed in part from their unlawful timekeeping procedures. Defendants required timekeeping entries to be inputted by Employees through the timeclock located in the lobby of the facility. Although Plaintiff recorded the actual times for when he started and ended work, Defendants' time records do not reflect

those actual hours worked by Plaintiff. Furthermore, managers would oftentimes make modifications and adjustments to reflect Plaintiff's shift start and end times and legally compliant meal period beginning and end times. Upon submission of the time entries to managers, there were no other mechanisms in place for Plaintiff and the Aggrieved Employees to ensure that their time records were accurate or not modified or adjusted. Defendants had the capacity and systems in place to permit Defendants to pay Plaintiff and the Aggrieved Employees on an hourly basis as non-exempt employees and to record if and when they were taking their required meal and rest breaks, but they instead underpaid Plaintiff and the Aggrieved Employees under their undefined and confusing compensation system.

15. Additionally, Defendants instructed Plaintiff and the Aggrieved Employees to input into the timekeeping system that they took a full half-hour for a meal period and did so before the fifth hour of work as required under the Labor Code and Wage Orders. Although, Plaintiff's and the Aggrieved Employees' work demands and understaffing oftentimes prevented him from taking a full half-hour break, Defendants instructed Plaintiff and the Aggrieved Employees to record compliant meal breaks without regard to whether they were actually taken on time or for the full duration or were interrupted by management demands and other work requirements. In instances during shifts of over ten hours, Defendants were required to provide two, separate 30-minute meal periods, that is one for every five hours of shift hours worked. It is unlawful to not provide a second meal period after ten hours of work and by doing so, Defendants systematically committed second meal period violations during all these effected shifts.

16. Furthermore, to avoid overtime, Defendants' managers would also have Plaintiff engage in off-the-clock work after clocking out at the end of his shift. Due to chronic understaffing, Plaintiff would occasionally be required to stay behind after clocking out of his shift, and continue working until another Employee would clock in. Whether the overtime hours are "approved" or not by Defendants' managers, if Employees worked overtime hours they must be paid at the correct overtime rates under the Labor Code.

///

///

17. Overtime hours were generally not allowed, but Plaintiff was often compelled to work many hours off-the-clock and without compensation. Defendants also failed to include shift differential pay and any other form of remuneration Employees received in the regular rate used to calculate and pay the overtime that Defendants did pay. Plaintiff was therefore not paid for all his hours worked at the required minimum, overtime, and double time wage rates due to Defendants' uniformly applied and unlawful policy and practice of requiring his to work off the clock and without pay. Defendants systematically underpaid Plaintiff by failing to pay him at the required overtime rates for all hours over eight in a work shift or over forty in a work week, and all hours over twelve in a day at the required double time rate. Upon information and belief, the Aggrieved Employees were bound by similar scheduling and timekeeping policies and endured similar violations at Defendants' hands as Plaintiff.

18. Defendants may attempt to assert they were authorized to require Plaintiff and the Aggrieved Employees to work three days per week for twelve- hour days under an alleged alternative work week schedule. To whatever extent there were lawful alternative workweeks worked by Plaintiff and the Aggrieved Employees under such schedules, overtime rates still must be paid for all hours worked over ten on a shift and Defendants failed to do so or to pay double time rates for hours over twelve in a shift where appropriate. However, upon information and belief, Defendants have neither conducted the required elections nor reported them to the Department of Industrial Relations as required under Labor Code § 511 and the applicable IWC Wage Orders given there are no valid elections listed in the Alternative Workweek Elections Database.

19. Therefore, on every shift Plaintiff and the Aggrieved Employees worked, both their regular hours worked and off the clock hours worked combined to well over eight hours in a day and/or 40 hours in a workweek. Given that Defendants failed to conduct required alternative workweek elections but yet still failed to pay overtime rates for all hours worked over eight in a given shift or double time for hours over twelve under unlawful alleged alternative workweek schedules, Plaintiff and the Aggrieved Employees have been required to endure systematic and ongoing failure to pay regular and overtime wages violations at Defendants' hands.

///

20. Therefore, during the relevant time period, Defendants had a consistent policy or practice of failing to pay Plaintiff and the Aggrieved Employees for all hours worked and failing to pay minimum wages for all time worked. Also, during the relevant time period, Defendants had a consistent policy or practice of failing to pay Plaintiff and the Aggrieved Employees overtime compensation at premium overtime rates for all hours worked in excess of eight hours a day and/or forty hours a week and double-time rates for all hours worked in excess of twelve hours a day, in violation of Labor Code § 510 and the corresponding sections of IWC Wage Orders. To the extent Defendant paid any overtime premium wages for any hours worked by Plaintiff and the Aggrieved Employees, they failed to begin paying it when owed due to pre-shift and post-shift off-the-clock work, and upon information and belief, Defendants' failed to include all forms of remuneration in the regular rate used to calculate and pay overtime. These failures cannot be avoided by Defendants' reliance on any alleged alternative workweek schedules.

21. Defendants also failed to provide all legally required unpaid, off-duty meal periods and all legally required paid, off-duty rest periods to Plaintiff and the Aggrieved Employees, as required by the applicable Wage Orders and the Labor Code. Defendants did not have a policy or practice which provided or recorded all the legally required unpaid, off-duty meal periods or which authorized and permitted all legally required paid, off-duty rest periods to Plaintiff and the Aggrieved Employees. Plaintiff and the Aggrieved Employees were non-exempt employees required to perform work as ordered by Defendants for more than five (5) hours during a shift but were often required to do so without receiving a lawful and timely meal break or were required to take shortened meal and rest breaks, or none at all, in order to keep up with work demands and job duties and job requirements and pressure placed upon them by Defendants' management and customers.

22. More specifically, Plaintiff worked shifts that entitled him to at least two meal periods, but as addressed above, Plaintiff only received one meal period per shift. Therefore, to whatever extent Plaintiff and the Aggrieved Employees were provided with a lawful first meal period, they were also thus provided with an unlawful second meal period as required on shifts over ten hours in duration. Defendants also either modified records to reflect that Plaintiff and the Aggrieved Employees took one legally compliant meal period or required Plaintiff and the Aggrieved Employees

to do so. To whatever extent there was ever a schedule for meal periods, it went by the wayside quickly as there always seemed to be management and work demands to attend to. This led to systematically late meal periods, if they were provided at all, and on-duty meal periods. The chronic understaffing and management expectations regarding meeting patients' needs also contributed to the Aggrieved Employees working through meal periods or not taking them or taking them late so work could be accomplished or they were required to remain under Defendants' control during meal periods.

23. Therefore, meal period violations systematically occurred ongoing throughout all of Plaintiff's work shifts where Defendants both failed to provide a lawful meal period or penalty payment. To the extent Defendants ever did pay Plaintiff a meal period premium for any of these violations, upon information and belief they failed to do so at the correct hourly rate. Upon information and belief, the other Aggrieved Employees were subjected to similar unlawful policies and practices and endured similar violations as Plaintiff.

24. Defendants thus failed to provide all the legally required unpaid, off-duty meal periods and all the legally required paid, off-duty rest periods to Plaintiff and the Aggrieved Employees, as required by the applicable Wage Order and Labor Code. Plaintiff and the Aggrieved Employees were required to perform work as ordered by Defendants for more than five hours during a shift without receiving compliant meal periods. Additionally, as addressed above, Defendants followed a practice of requiring off-the-clock work in a manner that would impact when Employees were to receive meal periods and rest breaks and required them to respond to work calls and inquiries and other demands during breaks, thus leading to further violations.

25. Defendants thus followed uniformly applied policies of not providing all required meal periods to their Employees. Meal periods were not scheduled or properly provided, and even on occasion where Plaintiff attempted to take a break, it was generally interrupted by work duties or was taken after the fifth hour of work. Additionally, as addressed above, Defendants followed a practice of requiring off-the-clock work in a manner that would impact when Employees were to receive meal periods and rest breaks, thus leading to further violations. As a result, Defendants' failure to provide Plaintiff and the Aggrieved Employees with all legally required off-duty, unpaid meal periods and all

the legally required off-duty, paid rest periods is and will be evidenced by Defendants' business records, or lack thereof.

26. Defendants also failed to pay the Aggrieved Employees "premium pay," i.e., one hour of wages at each of the Aggrieved Employees' effective regular rate of compensation for each meal period or rest break that Defendants failed to provide or deficiently provided. However, upon information and belief, in the event Defendants did pay any meal period premiums, they did so at the employee's regular rate of hourly compensation without including all forms of remuneration in that hourly rate calculation.

27. Therefore, during the relevant time period, Plaintiff and the Aggrieved Employees were unable to take off duty breaks or were otherwise not provided with the opportunity to take required breaks as required under the Labor Code and Wage Orders due to Defendants' policies and practices. On the occasions when Plaintiff and the Aggrieved Employees were provided with a meal period, it was often untimely or interrupted, or was impermissibly shortened, and Employees were not provided with one hour's wages in lieu thereof. Meal period violations thus occurred in one or more of the following manners:

(a) Aggrieved Employees were not provided full thirty-minute duty free meal periods for work days in excess of five hours and were not compensated one hour's wages in lieu thereof, or were not compensated at the correct regular rate of compensation, all in violation of, among others, Labor Code §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

(b) Aggrieved Employees were not provided second full thirty-minute duty free meal periods for work days in excess of ten hours;

(c) Aggrieved Employees were required to work through at least part of their daily meal period(s);

(d) Aggrieved Employees were provided after five hours of continuous work during a shift; and

(e) Aggrieved Employees were restricted in their ability to take a full thirty-minute meal period.

28. Similar violations resulted from Defendants' failure to authorize and permit Plaintiff and the Aggrieved Employees to take duty-free, net ten minute rest breaks for every four hours of shift work, or major fraction thereof. Plaintiff and the Aggrieved Employees were either not authorized permitted the opportunity to take a rest break or were required to remain under Defendants' control and respond to calls and instructions from management and job and patient demands if and when they even attempted to take one. Upon information and belief, Defendants thus also failed to authorize and permit employees to leave the premises during rest breaks, evidencing Defendants' policy and practice of requiring Plaintiff and the Aggrieved Employees to remain under their control during required off-duty rest break times.

29. Defendant did not schedule rest breaks, and during Plaintiff's entire employment with Defendant, Plaintiff was permitted to take his rest breaks only when he got a chance. Therefore, Plaintiff frequently had to skip out on his legally entitled rest breaks to prioritize work tasks or cut rest breaks short to tackle urgent work and comply with management demands, despite being entitled to receive at least three paid, timely, uninterrupted, and duty-free ten minute rest breaks during each of his work shifts.

30. Defendants' uniformly applied policies and practices thus resulted in untimely and shortened or on-duty rest breaks if and when Plaintiff attempted to take one. Plaintiff and the Aggrieved Employees worked shifts of at least eight hours, which required at least two rest breaks, and consistently worked shifts over ten hours, which required at least three rest breaks. Even on the occasions when Defendants authorized and permitted Plaintiff to take a first rest break, he was often forced to skip out on a second and/or a third break, and those that were provided were often late and generally interrupted by job duties and requirements.

31. During rest periods, employers must relieve employees of all duties and relinquish control over how employees spend their time. Plaintiff and the Aggrieved Employees were and are under Defendants' control when they are working through rest breaks and are unable to use their rest break time as they saw fit. Defendants failed to provide rest breaks, but in the event that Plaintiff attempted to take one, the rest breaks were either impermissibly shortened or untimely meal and rest breaks to Plaintiff and the Aggrieved Employees. Plaintiff and the Aggrieved Employees were thus

not authorized and permitted to take lawful rest periods, were systematically required by Defendants to work through or during breaks, and were not provided with one hour's wages in lieu thereof. They were required to remain on-duty during breaks or portions of their breaks, thus making them either untimely or shortened and on-duty, and they were also prevented from leaving the premises and otherwise remain under Defendants' control during rest breaks under Defendants' uniformly applied policies and practices. Rest period violations therefore arose in one or more of the following manners:

(a) Aggrieved Employees were required to work without being provided a minimum ten minute rest period for every four hours or major fraction thereof worked and were not compensated one hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

(b) Aggrieved Employees were not authorized and permitted to take timely rest periods for every four hours worked, or major fraction thereof; and

(c) Aggrieved Employees were required to remain on-duty during rest periods and under Defendants' control during rest periods or otherwise had their rest periods interrupted by work demands.

32. Defendants have also consistently failed to provide Employees with timely, accurate, and itemized wage statements, in writing, as required by California wage-and-hour laws. More specifically, Defendants also failed to provide the Plaintiff and the Aggrieved Employees with complete and accurate wage statements, as those provided failed to show, among other things, the correct wages owed for time worked, including, allocation of lawfully required, paid, and off-duty rest periods. California Labor Code § 226 provides that every employer shall furnish each of his or her employees with an accurate itemized wage statement in writing showing, among other things, gross wages earned and all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate. The wage statements Defendants provided to the Aggrieved Employees failed to list or to accurately list the wage rates or the hours worked at those rates during the pay period which led to the calculated pay listed by Defendants without any further detail.

///

33. Defendants have thus also failed to comply with Labor Code § 226(a) by inaccurately reporting total hours worked and total wages earned by Plaintiff and the Aggrieved Employees, along with the appropriate applicable rates, among others requirements. Plaintiff and the Aggrieved Employees are therefore entitled to penalties not to exceed $4,000.00 for each employee pursuant to Labor Code § 226(b). Defendants have also failed to comply with paragraph 7 of the applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, and wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in wage statements all deductions from payment of wages and accurately reporting total hours worked.

34. Defendants have also either failed to maintain timekeeping records for Plaintiff that would permit Plaintiff to discover the nature and extent of the off-the-clock work Defendants required and the actual hours Plaintiff worked or the breaks he received. By failing to pay for all hours worked, and by under-recording regular hours to the detriment of the Aggrieved Employees, Defendants have committed knowing and intentional ongoing violations of the record keeping requirements under the Labor Code, including sections 226 and 1174, by either failing to maintain records or retaining inaccurate ones.

35. Defendants also required Plaintiff and the Aggrieved Employees to work hours off-the-clock for which they were not compensated, including uncompensated time before and after work shifts or during rest and recovery periods, resulting in on-duty meal and rest periods. Defendants also failed to pay all overtime premium wages owed for work conducted on a work shift and a workweek, as addressed above. Therefore, Defendants have also followed a uniform and consistent policy of failing to timely pay all wages owed to Plaintiff and the Aggrieved Employees, as required by California wage-and-hour laws, including Labor Code § 204. Defendants have also followed a uniform and consistent policy of failing to pay all wages owed to Plaintiff and the Aggrieved Employees at the time of their termination or within seventy-two (72) hours of their resignation, as required by California wage-and-hour laws. In view of the above addressed violations, Defendants have also failed to pay all wages owed to Plaintiff and the Aggrieved Employees twice monthly in accordance with the requirements of Labor Code § 201-203.

36. As a result of these illegal policies and practices, Defendants also engaged in and enforced the following additional unlawful practices and policies against Plaintiffs and the Aggrieved Employees they seek to represent:

(a) failing to pay the Aggrieved Employees all wages owed, including all meal and rest period premium wages, and failing to pay them at the regular rate of compensation;

(b) failing to maintain accurate records of the Aggrieved Employees' hours worked and earned wages and meal periods in violation of Labor Code §§ 226 and 1174(d) and section 7 of the applicable IWC Wage Orders;

(c) failing to pay all wages owed to the Aggrieved Employees twice monthly in accordance with the requirements of Labor Code § 204; and

(d) failing to pay all wages owed to the Aggrieved Employees who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203.

37. During the relevant time period, Defendants have also consistently violated Labor Code § 221 by unlawfully collecting or deducting the Employees' earned wages, including by the above described off-the-clock work and other wage violations, including requiring on-duty work during unpaid meal breaks. Defendants have consistently and unlawfully collected or received wages from Plaintiff and the Aggrieved Employees by not compensating them for all hours worked, including on-duty meal periods they were required to endure under Defendants' policies and practices. Defendants thus unlawfully deducted wages earned by and owed to Plaintiff and the Aggrieved Employees, in violation of Labor Code § 221.

38. Moreover, during the relevant time period, Defendants have regularly required Plaintiff and the Aggrieved Employees to incur necessary business expenses in the course of performing their required job duties without reimbursement. These included the cell phone related expenses Plaintiff incurred for correspondences with managers regarding work schedules as required by Defendants. Plaintiff's pay stubs fail to reflect any reimbursements for such necessary business expenses. Plaintiff and the Aggrieved Employees must be reimbursed for these necessary business

expenses under Labor Code § 2802 and Defendants systematically failed to do so.

39. In light of the foregoing, Plaintiffs and the Aggrieved Employees bring this action pursuant to, *inter alia*, Labor Code §§ 201, 202, 203, 204, 218, 218.5, 218.6, 221, 226, 226.2, 226.4, 226.7, 510, 511, 512, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2 1197, 1198, 1198.5, 1199, 2698 *et seq*., 2802 and California Code of Regulations, Title 8, section 11000 *et seq*.

40. Further, in addition to the penalties available under the PAGA, Plaintiffs are also seeking penalties against Defendants under Labor Code § 558. Specifically, pursuant to PAGA, and in particular California Labor Code sections 2699(a), 2699.3(a) and 2699.3(c), 2699.5, and 558, and 6423 *et seq*., Plaintiffs, acting in the public interest as private attorneys general, seeks assessment and collection of civil penalties for themselves, all other Aggrieved Employees, and the State of California against Defendants for violations of the California Labor Code, including sections 201, 202, 203, 204, 218, 218.5, 218.6, 221, 226, 226.2, 226.4, 226.7, 510, 511, 512, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2 1197, 1198, 1198.5, 1199, 2698 and 2699 *et seq*., and 2802. Therefore, Plaintiffs and the Aggrieved Employees seek all applicable penalties related to these violations of the California Labor Code pursuant to PAGA.

## PAGA NOTICE AND ALLEGATIONS

41. Plaintiff brings this PAGA representative action on behalf of himself and all other similarly situated Aggrieved Employees employed by Defendants during the liability period pursuant to Labor Code § 2698 *et seq*. Plaintiff and the Employees are aggrieved under Labor Code § 2699(c) in that they suffered the violations alleged in this Complaint and in Plaintiff's PAGA Notice Letters to the LWDA and either were or are employed by the alleged violators, Defendants. Upon information and belief, at all times during the liability period, Plaintiff and the Aggrieved Employees were employees of Defendants subject to the protections of the California Labor Code and the applicable Industrial Welfare Commission ("IWC") Wage Orders.

42. As described above, Defendants failed to pay all earned wages for all hours worked and overtime, failed to pay reporting time and on-call time, failed to provide one day's rest from seven days worked, failed to provide lawful meal and rest periods, failed to provide accurate itemized wage statements, and failed to pay wages timely or twice monthly and upon termination or resignation,

failed to timely pay wages on a semimonthly basis, failed to maintain records showing accurate hours worked daily and the wages paid to Aggrieved Employees, and failed to reimburse for necessary business expenses, among other violations. Each of these violations gives rise to penalties under the PAGA.

43. As such, Plaintiff and the Aggrieved Employees seek penalties under Labor Code §§ 2698 and 2699 for Defendants' violation of Labor Code provisions included under Labor Code § 2699.5, including the penalty provisions, without limitation, based, *inter alia*, on the following California Labor Code sections: 201, 202, 203, 204, 218, 218.5, 218.6, 221, 226, 226.4, 226.7, 510, 511, 512, 558, 558.1, 1174, 1174.5, 1182.12, 1185, 1194, 1194.2 1197, 1198, 1199, 2802, and 2698 *et seq*.

44. More specifically, after complying with the notice procedures of Labor Code § 2699.3, Plaintiff now assert, as a representative action on behalf of the California Attorney General and the State of California and the other similarly Aggrieved Employees, PAGA claims for violations of the underlying claims addressed herein and seeking penalties as specified by the applicable corresponding provisions, including as follows:

45. <u>Wage Claims</u>: For failure to provide Plaintiff and the Aggrieved Employees all earned regular pay and minimum wages for regular hours worked and for failure to pay overtime premium wages for overtime hours worked under Labor Code §§ 510, 1194(a), 1197, and 1198, and paragraphs 2(K), 3(A), 4(A), 4(B) and 20 of the applicable IWC Wage Order(s) seeking all civil and statutory penalties available and applicable under Labor Code §§ 510, 558, 1194.2, 1197.1, 1198, 1199, 2699(f)(2), and 2699.5, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

46. <u>Failure to Pay Reporting Time Pay</u>: For Defendants failure to provide Employees with all their required reporting time pay in violation of Wage Order 5-2001 and 8 § CCR 11040(5) and civil and statutory penalties available and applicable under Labor Code §§ 204, 558, including sections 558(a)(1)-(3), 1199, 2699(f)(2) and 2699.5, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

///

///

47. Meal and Rest Period Claims: For failure to provide Plaintiff and the Aggrieved Employees off-duty, timely, and unpaid meal periods and failure to authorize and permit them to take off-duty, timely, and paid rest periods, or pay one hour of regular pay in lieu thereof, under Labor Code §§ 512, 1198, and 226.7, and Sections 11, 12(A), and 12(B) of the applicable IWC Wage Order(s) seeking all civil and statutory penalties available and applicable, including under paragraph 20 of the applicable IWC Wage Orders, and wages under Labor Code §§ 226.7, 512, 558, including sections 558(a)(1)-(3), 1199 and 2699(f)(2), and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

48. Inaccurate Wage Statements and Failure to Maintain Records: For failure to provide Plaintiff and the Aggrieved Employees with accurate, itemized wage statements and failure to maintain employment records for Plaintiff and Aggrieved Employees under Labor Code §§ 226, 1174, and 1198.5, and Sections 7(A), 7(B), and 7(C) of the applicable IWC Wage Order(s) seeking all civil and statutory penalties and wages available and applicable under Labor Code §§ 226(e), 226.3, 558, 1174.5, 1199, and 2699(f)(2), and paragraph 20 of the applicable IWC Wage Order, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1). More specifically, by providing inaccurate wage statements and failing to maintain records as required under Labor Code § 226(a), Defendants committed ongoing violations giving rise to civil penalties under Labor Code §226.3, which in addition to other penalties provided by law, subjects Defendants to "a penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, …";

49. Failure to Timely Pay Wages: For failure to timely pay all wages owed, including at least semi-monthly and upon separation or termination, under Labor Code §§ 201, 201, 203, 204, 1197.5, 2926, and 2927 seeking all civil penalties available and applicable under Labor Code §§ 201, 202, 203, 210, 558, 1197, 1198, 1199 and 2699(f)(2), and paragraph 20 of the applicable IWC Wage Orders, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

50. Unlawful Deductions and Failure to Reimburse Business Expenses: For Defendants' unlawful deductions from wages and for Defendants' failure to reimburse the necessary work related expenses incurred under Labor Code §§ 221, 1197, 1197.1, 1198, and 2802, and Sections 2(K), 4, 9,

and 20 of the applicable IWC Wage Order(s), seeking civil penalties available and applicable under Labor Code §§ 221, 1197, 1197.1, 1198, 2802, 2699.5, and 2699(f)(2) and paragraph 9 and 20 of the IWC Wage Orders, and also attorneys' fees and costs pursuant to Labor Code § 2699(g)(1); and

51. <u>All Other Alleged Violations of the Labor Code and IWC Wage Orders</u>: For any above addressed violation of the applicable provisions of the Labor Code and IWC Wage Orders constituting violations of Labor Code § 1198 and Labor Code § 2699.5, and seeking penalties available and applicable under Labor Code § 2699(f)(2) and paragraph 20 of the applicable IWC Wage Orders, and for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

52. The penalties will be allocated under Labor Code § 2699(i) as follows: 65% to the Labor and Workforce Development Agency (LWDA) and 35% to the affected employees.

53. As also addressed above, Plaintiff also seeks on behalf of the Aggrieved Employees the penalties and remedies set forth in Labor Code § 558, which states:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages…
>
> (b) If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.
>
> (c) The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

54. Plaintiff has exhausted his administrative remedy by sending a certified letter to the LWDA and Defendants postmarked on November 26, 2025**,** addressing in detail the specific provisions of the Labor Code Defendants have violated and addressing the facts and legal theories to

support the alleged violations (LWDA-CM-1140804-25). Since the LWDA has not provided notice of its intent to investigate the alleged violations within sixty-five (65) calendar days of the postmark date of the notice letter, Plaintiff is entitled to file this Complaint following full compliance and exhaustion of the notice requirements under the PAGA and are entitled to seek civil penalty assessments against Defendants as a Representative of the State of California as hereinafter alleged and in accordance with the law, in addition to costs and reasonable attorneys' fees as provided by the PAGA statute. The concurrently provided PAGA Notice Letter to the LWDA is also hereby incorporated into this Complaint as if set forth in full. Plaintiff alleges that the notice period provided by statute has expired and this PAGA only Complaint will then be proper pursuant to Labor Code §2699.3(a)(2)(C).

55. This action has been brought and may properly be maintained as a representative action under the provisions of Labor Code § 2698 *et seq*. seeking civil and statutory penalties and wages based, *inter alia*, on the following claims addressed in detail herein:

a. Defendants failed to pay Employees minimum wages, including for all hours worked;

b. Defendants failed to pay Employees minimum wages;

c. Defendants failed to pay Employees wages for all hours worked;

d. Defendants failed to pay Employees overtime as required under Labor Code § 510;

e. Defendants violated Labor Code § 1194 by failing to compensate all Employees during the relevant time period for all hours worked, whether regular or overtime;

f. Defendants paid reporting time pay under the applicable wage order and 8 CCR § 11040(5);

g. Defendants violated Labor Code §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

h. Defendants violated Labor Code §§ 226.7, and the applicable IWC Wage Orders, by failing to authorize and permit Employees to take requisite rest breaks, or provide premium pay in lieu thereof;

i. Defendants' conduct was willful;

j. Defendants violated Labor Code § 226(a) by providing Employees with inaccurate wage statements and wage statements that omitted many of the Section 226(a) requirements;

k. Defendants violated Labor Code § 226 and § 1174 and §1198 and the IWC Wage Orders by failing to maintain accurate records of Class members' earned wages and work periods;

l. Defendants violated Labor Code §§ 1174 and 1174.5;

m. Defendants violated Labor Code § 204 by failing to pay Employees all wages earned at least twice monthly;

n. Defendants violated Labor Code §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

o. Defendants violated Labor Code § 221;

p. Defendants violated Labor Code § 2802 by failing to reimburse necessary business expenses incurred by Employees;

**FIRST CAUSE OF ACTION**

**PENALTIES UNDER THE PAGA FOR FAILURE TO PAY MINIMUM WAGES**

**(Against All Defendants)**

56. Plaintiff re-alleges and incorporate all preceding paragraphs, as though set forth in full herein.

57. Defendants failed to pay Plaintiff and the Aggrieved Employees minimum wages for all hours worked. Plaintiff and the Aggrieved Employees would work hours and not receive all their wages, including as alleged above in connection with off-the-clock work, including all the time required to remain on duty and under Defendants' control during breaks and due to the chronic understaffing and work demands placed upon them by Defendants' management and the patients and by the unlawful deduction of hours or by paying what should have been overtime hours as regular hours, including by following unlawful alternative workweek schedules. Defendants' uniformly applied policies required systematic off-the-clock work and underpayment of all wages owed to

Employees over a period of time, while benefiting Defendants. During the relevant time period, Defendants thus regularly failed to pay minimum wages to Plaintiff and the Aggrieved Employees, to their detriment.

58. Additionally, to the extent the Aggrieved Employees were paid an hourly rate, Defendants utilized a consistent policy and practice of unlawfully rounding hours worked to the detriment of the Aggrieved Employees. Rather than paying the Aggrieved Employees for all hours and minutes they actually worked, Defendants followed a uniform policy and practice of rounding all time entries to the nearest quarter-hour or half-hour and generally did so to the detriment of the Aggrieved Employees. Plaintiff contends this policy is not neutral and over time resulted to the detriment of Plaintiff and the Aggrieved Employees by systematically under-compensating them.

59. Further, Defendants had a consistent policy of failing to pay Plaintiff and the Aggrieved Employees for hours worked during alleged meal and rest periods for which they were consistently denied, as also addressed herein. Defendants' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to all of the Aggrieved Employees, as a result of implementing a uniform policy and practice that denied accurate compensation to Plaintiff and the Aggrieved Employees as to minimum wage pay.

60. California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198 require employers to pay employees the minimum wage fixed by the IWC. The payment of a lesser wage than the minimum so fixed is unlawful. Compensable work time is defined in Wage Order No. 7 as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." Cal. Code. Regs. tit. 8, § 11070(2)(G) (defining "Hours Worked").

61. Defendants therefore did not pay minimum wages for all hours worked by the Aggrieved Employees. To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not pay at least minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1182.12, 1194, 1197, 1197.1, and 1198.

62. Pursuant to Labor Code § 2699, Plaintiff seeks all applicable PAGA civil penalties and remedies for each Aggrieved Employee for each pay period in the applicable statute of limitations

in which the Aggrieved Employee was not paid for all hours worked for each pay period, plus reasonable attorneys' fees and costs.

63. The Private Attorneys General Act of 2004 ("PAGA") provides that:

> ... an aggrieved employee may recover the civil penalty described in subdivision (I) in a civil action pursuant to the procedures specified in Section 2699.3 filed on behalf of himself or herself and other current or former employees against whom one or more of the alleged violations was committed. Any employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs. Nothing in this part shall operate to limit an employee's right to pursue or recover other remedies available under state or federal law, either separately or concurrently with an action taken under this part. (Labor Code § 2699(g)(1)).

64. Plaintiff is "Aggrieved Employees" under the PAGA, was employed by Defendants during the applicable statutory period and suffered one or more of the California Labor Code violations set forth herein. Accordingly, Plaintiff seeks to recover on behalf of themselves and all other current and former Aggrieved Employees, as defined above, the civil penalties provided by the PAGA, plus reasonable attorneys' fees and costs, after having satisfied the PAGA notice requirements as set forth above.

65. Plaintiff seeks to recover civil penalties pursuant to the PAGA that arise from the policies, practices and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs, and for civil or statutory penalties as permitted by Labor Code § 558, as a separate penalty provided by the PAGA statute. Plaintiff thus seeks penalties against Defendants for failure to provide Plaintiff and other Aggrieved Employees proper regular pay and minimum wages for regular hours worked and/or overtime premium pay for overtime hours worked during the applicable statutory period pursuant to section 558, and also pursuant to the default PAGA penalties provisions of Labor Code § 2699(f)(2).

66. In California, employees must be paid at least the applicable state minimum wage for all hours worked, including under Labor Code § 1197, IWC Wage Order MW-2014, and paragraphs 2(K), 2(S), and 4(A)-4(C) of the applicable IWC Wage Orders. Also, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked. Defendants failed to do so.

67. California Labor Code § 1197, entitled "Pay of Less Than Minimum Wage" states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful." The applicable minimum wage rate fixed by the commission for work during the relevant period is found in the Wage Orders.

68. The minimum wage provisions of California Labor Code are enforceable by private civil action pursuant to Labor Code § 1194(a) which states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

69. As described in California Labor Code §§ 1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also, California Labor Code §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate, or at the minimum rate in the absence of a contractually agreed upon one.

70. In committing these violations of the California Labor Code, Defendants inaccurately recorded, or required Plaintiff and the Aggrieved Employees to input times that did not reflect their actual hours worked, or miscalculated hours or rates or otherwise underpaid the actual time worked by Plaintiff and the Aggrieved Employees, including by requiring off-the-clock work as addressed in detail above. Defendants acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations. As a result of these violations, Defendants also failed to timely pay all wages earned in accordance with California Labor Code § 1194.

71. Pursuant to California Labor Code § 1194.2, Plaintiff and the Aggrieved Employees are also further entitled to the following remedies: "In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the

commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

72. In addition to restitution for all unpaid wages, pursuant to California Labor Code § 1197.1, Plaintiff and the Aggrieved Employees are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

73. Pursuant to California Labor Code § 1197.1, Plaintiff and Aggrieved Employees are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

74. Labor Code § 1198 also requires that: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Labor Code § 1198 therefore provides a basis in the Labor Code to recover for violations of the IWC Wage Order provisions, and Labor Code § 2699.5 list Section 1198 as one of the provisions for which a representative PAGA action may be commenced under Labor Code § 2699.3.

75. Additionally, Labor Code § 1199 provides that: "Every employer or other person acting either individually or as an officer, agent, or employee of another person is guilty of a misdemeanor and is punishable by a fine of not less than one hundred dollars ($100)…, who does any of the following: (a) Requires or causes any employee to work for longer hours than those fixed, or under conditions of labor prohibited by an order of the commission. (b) Pays or causes to be paid to any employee a wage less than the minimum fixed by an order of the commission…."

76. IWC Wage Order No. 1 § 20 addresses further penalties as follows: "(A) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to the civil penalty of: (1) Initial Violation — $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages. (2) Subsequent Violations — $100.00 for each underpaid employee for each pay period

during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages. (3) The affected employee shall receive payment of all wages recovered."

77. Labor Code § 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows ... (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

78. Labor Code § 2699.3 allows "(a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5" to commence upon satisfaction of its written notice requirements. Additionally, Labor Code § 2699.5 provides, in pertinent part that "[t]he provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: [Labor Code §§] 204,… 221, …510, 512,… 1194, 1197, 1197.1 and 1198…1199", and these provisions of the Code allow for recovery of civil penalties pursuant to the PAGA in this action. Plaintiff has fully complied with procedures specified in Labor Code § 2699.3.

79. Defendants' conduct, as alleged herein, violates the aforementioned regulations because Defendants failed to properly compensate Plaintiff and Aggrieved Employees applicable minimum wages and contractually agreed upon wages for all hours they were required to work and remain under Defendants' control.

80. As such, Defendants are liable for PAGA penalties resulting from their failure to provide Plaintiff and the other Aggrieved Employees minimum wages and all wages owed for all hours worked. Accordingly, Plaintiff is entitled to recover, and hereby seeks through this representative action, all civil and statutory penalties authorized for violations of California Labor Code §§ 510, 1194, 1197, 1197.1, 1198, 221 and 204 and Sections 2(K), 4, and 20 of the applicable IWC Wage Order(s), and Plaintiff seeks all civil and statutory penalties available and applicable under Labor Code §§ 510, 558, 1194.2, 1197.1, 1199, 2699(f)(2), and 2699.5, and also attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

**SECOND CAUSE OF ACTION**

**PENALTIES UNDER THE PAGA FOR FAILURE TO PAY OVERTIME WAGES**

**(Against All Defendants)**

81. Plaintiff re-alleges and incorporate all preceding paragraphs, as though set forth in full herein.

82. California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Division of Labor Standards and Enforcement.

83. By their conduct, as set forth herein, Defendants violated California Labor Code § 510 (and paragraphs 2(K), 2(S), 3(A) and 4(A)-4(B) of the relevant orders of the Industrial Welfare Commission) by failing to pay Employees: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8) hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of eight (8) hours on any seventh day of work in a workweek. To the extent Defendants failed to pay overtime and double time wages as required under Labor Code § 511 and in connection with unlawful alternative workweek schedules that were neither the result of required elections nor recorded with the Department of Industrial Relations, Defendants committed ongoing and systematic violations by failing to pay for all hours worked and failing to pay them at the required regular and overtime rates under the Labor Code.

84. Defendants had a consistent policy of not paying Employees wages for all hours worked, including by requiring off-the-clock work as addressed above, by unlawful deductions, by under-reporting actual hours worked, and by requiring Employees to do so as well. Defendants have also failed to include all forms of remuneration in the regular rate of pay used to calculate and pay overtime and failed to begin paying overtime when it was incurred due to the off-the-clock work, as

detailed above.

85. Defendants thus had a consistent policy of not paying Employees wages for all hours worked, including hours at their required regular, overtime, and double-time rates. Defendants, and each of them, have intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, including Plaintiff's or required Plaintiff and the Aggrieved Employees to do so, or otherwise caused them to work off-the-clock to avoid paying Plaintiff and the Aggrieved Employees all earned and owed straight time and overtime wages and other benefits, in violation of the California Labor Code, the California Code of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement. Defendants have also violated these provisions by requiring Plaintiff and the Aggrieved Employees to work through meal periods or remain under Defendants' control when they were required to be clocked out or to otherwise work off-the-clock to complete their daily job duties and respond to demands from patients and managers.

86. Therefore, Employees were not properly compensated, nor were they paid overtime rates for hours worked in excess of eight hours in a given day, and/or forty hours in a given week. Based on information and belief, Defendants did not make available to Employees a reasonable protocol for correcting time records when Employees worked overtime hours or to fix incorrect time entries or those that Defendants unlawfully under-recorded to the Employee's detriment. Defendants have also violated these provisions by requiring Plaintiff and other Aggrieved Employees to work through meal periods when they were required to be clocked out or to otherwise work off-the-clock to complete their daily job duties.

87. Defendants' failure to pay Plaintiff and the Aggrieved Employees the unpaid balance of regular wages owed and overtime compensation for all hours worked, as required by California law, violates the provisions of Labor Code §§ 510 and 1198 and paragraph 3(A) of the applicable IWC Wage Order, and is therefore unlawful. Defendants also failed to correctly calculate the regular rate used to calculate and pay overtime, and meal and rest premiums, as addressed above.

88. Pursuant to Labor Code § 2699, Plaintiff seeks all applicable PAGA civil penalties and remedies for each Aggrieved Employee for each pay period in the applicable statute of limitations

in which the Aggrieved Employee was not paid at the correct overtime rate for all hours worked for each pay period, plus reasonable attorneys' fees and costs. Plaintiff is entitled to bring this claim pursuant to Labor Code § 2699(g)(1) and after having satisfied the PAGA notice requirements, as addressed above. Plaintiff further seeks civil penalties pursuant to Labor Code 558(a)(1)-(2) and Labor Code 2699(f)(2), as detailed above, for Defendants' failure to pay all overtime wages in violation of the underlying Labor Code sections addressed herein.

89. As a result of these violations, Defendant also failed to timely pay all wages earned in accordance with California Labor Code § 1194. California Labor Code § 1194.2 also provides for the following remedies: "In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

90. Labor Code § 1198 also requires that: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Labor Code § 1198 therefore provides a basis in the Labor Code to recover for violations of the IWC Wage Order provisions, and Labor Code § 2699.5 list Section 1198 as one of the provisions for which a representative PAGA action may be commenced under Labor Code § 2699.3. Section 20 of IWC Wage Orders addresses further penalties derived from Section 1198 violations.

91. Labor Code § 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows ... (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

92. Labor Code § 2699.3 allows "(a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5"

to commence upon satisfaction of its written notice requirements. Additionally, Labor Code § 2699.5 provides, in pertinent part that "[t]he provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: [Labor Code §§] 204, …510, 512,… 1194, 1197, 1197.1 and 1198…1199" among the provisions of the Code that allow for recovery of civil penalties pursuant to the PAGA As a direct and proximate result of the Defendants' unlawful acts, as alleged in detail herein, Plaintiff and the Aggrieved Employees have been deprived, and continue to be deprived, of overtime wages owed for all hours they worked. Plaintiff has fully complied with procedures specified in Labor Code § 2699.3.

93. Additionally, Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law." Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff and the Aggrieved Employees seek the remedies set forth in Labor Code § 558.

94. As such, Defendants are liable for PAGA penalties resulting from their failure to timely provide Plaintiff and the other Aggrieved Employees overtime and premium wages for all hours worked. Accordingly, Plaintiff is entitled to recover, and hereby seeks through this representative action, all civil and statutory penalties authorized for violations of California Labor Code §§ 510, 1194, 1197, 1197.1, 1198, and 204 and Sections 2(K), 4, and 20 of the applicable IWC Wage Order(s), and Plaintiff seeks all civil and statutory penalties available and applicable under Labor Code §§ 510, 558, 1194.2, 1197.1, 1199, 2699(f)(2), and 2699.5, and also attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

**THIRD CAUSE OF ACTION**

**PENALTIES UNDER THE PAGA FOR FAILURE TO PAY REPORTING TIME PAY UNDER WAGE ORDER 5-2001, 8 CCR § 11040(5)**

**(Against All Defendants)**

95. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

96. Wage Order 5-2001 provides that "[e]ach workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage." Cal. Code Regs., tit, 8, § 11040(5)(A).

97. As set forth herein, Plaintiff and Employees were required to report for on-call work but were only compensated for the actual time spent working on the assignment and not paid for their on-call time. Defendants failed to pay Plaintiff and Employees for half of their scheduled days' work in violation of the applicable Wage Order.

98. As a direct and proximate results of Defendants' actions as set forth herein, Plaintiff and the Aggrieved Employees have been damaged in that Plaintiff and the Aggrieved Employees have not been paid all required reporting time pay.

99. Consequently, Defendants are liable for PAGA penalties resulting from their failure to provide Plaintiff and the Aggrieved Employees lawful meal periods and the corresponding meal period premium pay. Accordingly, Plaintiff is entitled to recover, and hereby seeks through this Representative Action, all civil and statutory penalties authorized for violations of California Labor Code §§ 204, 510, 558, 1194.2, 1197.1, 1198 and 1199, and Section 11(A)-(E) of the applicable IWC Wage Orders, and Plaintiff seeks all civil and statutory penalties available and applicable under Labor Code §§ 204, 510, 558, including sections 558(a)(1)-(2), and 2699(f)(2), and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

///

///

**FOURTH CAUSE OF ACTION**

**PENALTIES UNDER THE PAGA FOR MEAL-PERIOD LIABILITY**

**UNDER LABOR CODE § 226.7, 512**

**(Against All Defendants)**

100. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

101. Employees regularly worked shifts greater than five (5) hours and in some instances, greater than ten (10) hours. Pursuant to Labor Code § 512, and paragraph 11 of the applicable IWC Wage Order, an employer may not employ someone for a shift of more than five (5) hours without providing him or her with a meal period of not less than thirty (30) minutes or for a shift of more than ten (10) hours without providing him or her with a second meal period of not less than thirty (30) minutes.

102. Defendants failed to provide Employees with meal periods as required under the Labor Code and paragraph 11 of the applicable IWC Wage Order. Employees did not have scheduled meal periods. Employees were often required to work or to otherwise remain under Defendants' control during meal periods, or Defendants provided them after Employees worked beyond the fifth hour of their shifts or Employees otherwise had them shortened and interrupted by work demands and requirements to perform off-the-clock work and remain under Defendants' control. Defendants also unlawfully combined meal periods with rest breaks. Furthermore, upon information and belief, on the occasions when Employees worked more than ten hours in a given shift, they did so without receiving a second uninterrupted thirty-minute meal period as required by law.

103. Defendants thus failed to provide Plaintiff and the Aggrieved Employees with meal periods as required by the Labor Code and paragraph 11 of the applicable IWC Wage Order, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than thirty minutes, or by requiring them to perform work during breaks.

104. Moreover, Defendants failed to compensate Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Orders. These sections provide that if an employer fails to provide an

employee a meal period in accordance with applicable law, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. To the extent Defendants did make any such payments to Plaintiff and the Aggrieved Employees, they failed to do so for the vast majority of the violations. Defendants failed to compensate Plaintiff and the Aggrieved Employees for each meal period not provided or inadequately provided, as required under Labor Code § 226.7 and paragraphs 11 and 20 of the applicable IWC Wage Order.

105. Plaintiff seeks civil penalties against Defendants for failure to provide Plaintiff and the Aggrieved Employees lawful off-duty unpaid meal periods. Pursuant to Labor Code § 2699, Plaintiff seek all applicable PAGA civil penalties and remedies for each Aggrieved Employee for each pay period in the applicable statute of limitations in which the Aggrieved Employee was not provided with a meal period, plus reasonable attorneys' fees and costs. Plaintiff is entitled to bring this claim pursuant to Labor Code § 2699(g)(1) and after having satisfied the PAGA notice requirements, as addressed above. Plaintiff further seeks civil penalties pursuant to Labor Code 558(a)(1)-(2) and Labor Code 2699(f)(2), as detailed above, for Defendants' failure to provide all required meal periods in violation of the underlying Labor Code sections addressed herein.

106. Premium pay for denied lawful meal and rest periods is considered a "wage" rather than a penalty. *See, e.g. Murphy v. Kenneth Cole Prods., Inc.* (2007) 40 Cal. 4th 1094, 1114; *Naranjo v. Spectrum Security Services, Inc.,* 13 Cal.5th 93 (2022). Plaintiff therefore seeks to recover civil penalties pursuant to the PAGA that arise from the policies, practices, and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs, and civil penalties for the underpayment of wages as permitted by Labor Code § 558, as a separate penalty provided by the PAGA statute. Aggrieved Employees may recover penalties for denied meal periods under the PAGA, as the civil penalty under California Labor Code 558 applies to any provision regulating hours and days of work in any Order, and Plaintiff has fully complied with procedures specified in Labor Code § 2699.3.

107. Labor Code § 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these

provisions, as follows ... (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

108. Labor Code § 2699.3 allows "(a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5" to commence upon satisfaction of its written notice requirements. Additionally, Labor Code § 2699.5 provides, in pertinent part that "[t]he provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: "[Labor Code §§] 226.7, …512,…558,… and 1198" among the provisions of the Code that allow for recovery of civil penalties pursuant to the PAGA.

109. Defendants' conduct, as alleged herein, violates the aforementioned regulations because Defendants failed to properly provide Plaintiff and the Aggrieved Employees with lawful uninterrupted off-duty meal periods throughout the applicable statutory period. Defendants also systematically denied Plaintiff and the other Aggrieved Employees proper premium pay at the rate of one hour of pay at their regular pay rates for each work shift they were denied an unpaid, off-duty 30-minute meal period.

110. As such, Defendants are liable for PAGA penalties resulting from their failure to provide Plaintiff and the Aggrieved Employees lawful meal periods and the corresponding meal period premium pay. Accordingly, Plaintiff is entitled to recover, and hereby seeks through this Representative Action, all civil and statutory penalties authorized for violations of California Labor Code §§ 226.7, 512, 558, and 1198, and Section 11(A)-(E) of the applicable IWC Wage Orders, and Plaintiff seeks all civil and statutory penalties available and applicable under Labor Code §§ 226.7, 512, 558, including sections 558(a)(1)-(2), and 2699(f)(2), and also for attorneys' fees and costs pursuant to <u>Labor Code</u> § 2699(g)(1).

///

///

///

**FIFTH CAUSE OF ACTION**

**PENALTIES UNDER THE PAGA FOR REST-BREAK LIABILITY**

**UNDER LABOR CODE § 226.7**

**(Against All Defendants)**

111. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

112. Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten minutes net rest time per four (4) work hours.

113. Employees consistently worked consecutive four hour shifts and were generally scheduled for shifts of greater than 3.5 hours total, thus requiring Defendants to authorize and permit them to take rest periods. Pursuant to the Labor Code and paragraph 12 of the applicable IWC Wage Order, Employees were entitled to paid rest breaks of not less than ten minutes for each consecutive four-hour segment of a work shift, or major fraction thereof, and Defendants failed to provide Employees with timely rest breaks of not less than ten minutes for each consecutive four-hour shift segment. Defendants made minimal efforts to schedule or otherwise authorize and permit Plaintiff and the Aggrieved Employees to take lawful rest breaks. Employees were often required to work or to otherwise remain under Defendants' control during rest periods, including by responding to work requirements, and had breaks provided untimely as a result of the above described off-the-clock work, and management and work demands. Plaintiff and the Aggrieved Employees were also not permitted to leave their work premises during rest breaks, or were otherwise required to remain under Defendants' control and unable to use their rest break time for themselves and their own purposes.

114. Labor Code §§ 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided. Defendants failed to do so.

115. Defendants failed to authorize and permit Plaintiff and the Aggrieved Employees to take rest periods, as required by the Labor Code. Defendants, and each of them, have therefore

intentionally and improperly denied rest periods to Plaintiff and the Aggrieved Employees in violation of Labor Code §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.

116. Moreover, Defendants did not compensate Plaintiff and the Aggrieved Employees with an additional hour of pay at each Employee's hourly rate for each day that Defendants failed to provide them with adequate rest breaks, as required under Labor Code § 226.7 and paragraphs 12 and 20 of the applicable IWC Wage Orders. To the extent Plaintiff and the Aggrieved Employees worked shifts of over ten hours, they were required to receive first, second, and third duty-free and paid rest breaks. To the extent Defendants provided first rest breaks to Employees during a shift, they failed to authorize and permit second and/or third rest breaks.

117. Plaintiff seeks civil penalties against Defendants for failure to provide Plaintiff and the other Aggrieved Employees lawful off-duty rest periods. Pursuant to Labor Code § 2699, Plaintiff seeks all applicable PAGA civil penalties and remedies for each Aggrieved Employee for each pay period in the applicable statute of limitations in which the Aggrieved Employee was not provided with a rest break, plus reasonable attorneys' fees and costs. Plaintiff is entitled to bring this claim pursuant to Labor Code § 2699(g)(1) and after having satisfied the PAGA notice requirements, as addressed above. Plaintiff further seeks civil penalties pursuant to Labor Code 558(a)(1)-(2) and Labor Code 2699(f)(2), as detailed above, for Defendants' failure to provide required rest periods in violation of the underlying Labor Code sections addressed herein.

118. Premium pay for denied lawful meal and rest periods is considered a "wage" rather than a penalty. *See, e.g. Murphy v. Kenneth Cole Prods., Inc.* (2007) 40 Cal. 4th 1094, 1114; *Naranjo v. Spectrum Security Services, Inc.,* 13 Cal.5th 93 (2022). Plaintiff therefore seeks to recover civil penalties pursuant to the PAGA that arise from the policies, practices, and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs, and civil penalties for the underpayment of wages as permitted by Labor Code § 558, as a separate penalty provided by the PAGA statute. Aggrieved employees may recover penalties for denied meal periods under the PAGA, as the civil penalty under California Labor Code § 558 applies to any provision regulating hours and days of work in any Order.

///

119. Labor Code § 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows ... (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

120. Labor Code § 2699.3 allows "(a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5" to commence upon satisfaction of its written notice requirements. Additionally, Labor Code § 2699.5 provides, in pertinent part that "[t]he provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: "[Labor Code §§] 226.7, …512,…558,… and 1198" among the provisions of the Code that allow for recovery of civil penalties pursuant to the PAGA. Plaintiff has fully complied with procedures specified in Labor Code § 2699.3.

121. Defendants' conduct, as alleged herein, violates the aforementioned regulations because Defendants failed to properly provide Plaintiff and the other Aggrieved Employees with lawful uninterrupted off-duty rest breaks throughout the applicable statutory period. Defendants also systematically denied Plaintiff and other Aggrieved Employees proper premium pay at the rate of one hour of pay at their regular pay rates for each work shift they were denied an off-duty rest period.

122. As such, Defendants are liable for PAGA penalties resulting from their failure to provide Plaintiff and the other Aggrieved Employees lawful rest periods and the corresponding rest period premium pay. Accordingly, Plaintiff is entitled to recover, and hereby seeks through this Representative Action, all civil and statutory penalties authorized for violations of California Labor Code §§ 226.7, 512, 558, and 1198, and Section 12(A)-(B) of the applicable IWC Wage Orders, and Plaintiff seeks all civil and statutory penalties available and applicable under Labor Code §§ 226.7, 512, 558, including sections 558(a)(1)-(2), and 2699(f)(2), and also attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

///

///

**SIXTH CAUSE OF ACTION**

**PENALTIES UNDER THE PAGA FOR PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS UNDER LABOR CODE § 226(a) AND KEEP ACCURATE PAYROLL RECORDS UNDER LABOR CODE § 1174**

**(Against All Defendants)**

123. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

124. Plaintiff seeks civil penalties against Defendants for failure to provide Plaintiff and the other Aggrieved Employees accurate itemized wage statements during the applicable statutory period.

125. California Labor Code § 226(a) requires an employer to furnish each of his or her employees with an accurate, itemized statement in writing showing the gross and net earnings, total hours worked, and the corresponding number of hours worked at each hourly rate; these statements must be appended to the detachable part of the check, draft, voucher, or whatever else serves to pay the employee's wages; or, if wages are paid by cash or personal check, these statements may be given to the employee separately from the payment of wages; in either case the employer must give the employee these statements twice a month or each time wages are paid.

126. Defendants failed to provide Plaintiff and the other Aggrieved Employees with accurate itemized wage statements in writing, as required by the Labor Code and paragraph 7 of the applicable IWC Wage Orders. Specifically, the wage statements issued to Employees by Defendants failed to accurately account for wages, overtime, and premium pay, including for all overtime and double time hours worked and for deficient meal periods and rest breaks, all of which Defendants knew or reasonably should have known were owed to the Employees, as alleged above. Additionally, Defendants failed to list the correct entity as the employer of Plaintiff and the Aggrieved Employees on the wage statements issued to them, as addressed above.

127. Paragraph 7(C) of the applicable IWC Wage Orders further requires that: "All required records shall be in the English language and in ink or other indelible form, properly dated, showing month, day, and year and shall be kept on file by the employer for at least three (3) years at the place of employment or at a central location within the State of California. An employee's records shall be

available for inspection by the employee upon reasonable request."

128. Labor Code § 226.3 also instructs that: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law."

129. Throughout the liability period, Defendants intentionally failed to furnish to Aggrieved Employees, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226 and paragraph 7 of the applicable IWC Wage Orders, amongst other statutory requirements. Defendants knowingly and intentionally failed to provide Aggrieved Employees with such timely and accurate wage and hour statements.

130. Plaintiff and the Aggrieved Employees suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the Defendants have failed to provide an accurate wage statement, failed to provide accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiff and Aggrieved Employees cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a),

(ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

131. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Aggrieved Employees may therefore pursue damages and penalties for violations of Labor Code § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.

132. Therefore, as a direct and proximate cause of Defendants' violation of Labor Code § 226(a) and paragraphs 4(b), 7, and 20 of the applicable IWC Wage Orders, the Aggrieved Employees suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked. Labor Code § 226(e)(1) further instructs that: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." However, for PAGA claims arising from violations of Section 226(a), Plaintiff need not establish injury or that Defendants acted knowingly and intentionally in issuing inaccurate wage statements.

///

///

133. Plaintiff therefore seeks civil penalties under the PAGA against Defendants for providing inaccurate wage statements and also for failure to maintain accurate Employee records during the applicable statutory period.

134. To this end, Labor Code § 1174 provides that: "Every person employing labor in this state shall:….(c) Keep a record showing the names and addresses of all employees employed and the ages of all minors. (d) Keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments. These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than three years…"

135. Plaintiff seeks to recover civil penalties pursuant to the PAGA that arise from the policies, practices and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs. As alleged in more detail above, Defendants violated the above statutes by failing to maintain accurate payroll records showing the hours worked daily by, and the wages paid to, Plaintiff and the Aggrieved Employees. Defendants' payroll records pertaining to Plaintiff and the Aggrieved Employees, and in turn the wage statements issued to them, fail to accurately reflect all regular and overtime hours worked, overtime hourly rates, actual gross wages and net wages earned, meal periods, and premium wages owed for denied lawful meal and rest periods.

136. Labor Code § 2699(f)(2) states that: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows ... (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

137. Labor Code § 2699.3 allows "(a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5"

to commence upon satisfaction of its written notice requirements. Additionally, Labor Code § 2699.5 provides, in pertinent part that "[t]he provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: [Labor Code §§] 226,… subdivisions (c) and (d) of Section 1174,… 1198,…1199,…" among the provisions of the Code that allow for recovery of civil penalties pursuant to the PAGA.

138. Labor Code § 1198 also requires that: "The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Labor Code § 1198 therefore provides a basis in the Labor Code to recover for violations of the IWC Wage Order provisions, and Labor Code § 2699.5 list Section 1198 as one of the provisions for which a representative PAGA action may be commenced under Labor Code § 2699.3.

139. As such, Defendants are liable for PAGA penalties resulting from their failure to provide accurate itemized wage statements to Plaintiff and the Aggrieved Employees and failure to maintain employment records for Plaintiff and Aggrieved Employees under Labor Code §§ 226, 1174, 1198, and 1198.5, and Sections 7(A), 7(B), and 7(C) of the applicable IWC Wage Order(s), and Plaintiff seeks all civil and statutory penalties available and applicable under Labor Code §§ 226(e), 226.3, 558, 1174.5, and 2699(f)(2), and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

**SEVENTH CAUSE OF ACTION**

**PENALTIES UNDER THE PAGA FOR VIOLATION OF LABOR CODE § 204**

**(Against All Defendants)**

140. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

141. Labor Code § 204 instructs that: "All wages, …earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which

the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month." Additionally, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period." As detailed above, Defendants maintained a consistently applied policy and practice of not paying all wages earned between the 1st and 15th days of a month between the 16th and 26th day and failed to pay all wages earned between the 16th and the last day of the month between the 1st and 10th day of the following month. Defendants similarly failed to pay all wages earned by not more than seven calendar days following the close of the payroll period.

142. All wages due and owing to Plaintiff and the Aggrieved Employees, including as required under Labor Code § 510, were therefore not timely paid by Defendants. Additionally, wages required by Labor Code § 1194 and other sections became due and payable to each employee in each pay period that he or she was not provided with a meal period or rest period or paid straight or overtime wages to which he or she was entitled.

143. Defendants violated Labor Code § 204 by systematically refusing to timely pay wages due under the Labor Code, as addressed above. Additionally, under paragraph 4(B) of the applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Aggrieved Employees may therefore pursue damages and penalties for violations of Labor Code § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.

144. Therefore, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked and do so at least twice monthly. Defendants failed to do so. This failure to timely pay wages violations give rise to PAGA penalties, and Labor Code § 204 is an enumerated provision under Labor Code § 2699.5. Labor Code § 2699.3 allows "(a) A civil action by an aggrieved employee pursuant to

subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5" to commence upon satisfaction of its written notice requirements. Additionally, Labor Code § 2699.5 provides, in pertinent part that "[t]he provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: [Labor Code §§] 204,… 221, …510, 512,… 1194, 1197, 1197.1 and 1198…1199," and these provisions of the Code allow for recovery of civil penalties pursuant to the PAGA in this action.

145. Defendants unlawfully failed to timely pay all wages owed to Plaintiff and the Aggrieved Employees as addressed above. As such, Defendants are liable for PAGA penalties resulting from these violations and Plaintiff is entitled to recover, and hereby seeks through this representative action, all civil and statutory penalties authorized for violations of California Labor Code §§ 204, 1197, 1197.1, 1198 and Sections 2(K), 4, and 20 of the applicable IWC Wage Order(s), and Plaintiff seeks all civil and statutory penalties available and applicable under Labor Code §§ 204, 1197, 1197.1, 1199, 2699(f)(2), and 2699.5, and also attorneys' fees and costs pursuant to Labor Code § 2699(g)(1). Plaintiff has fully complied with procedures specified in Labor Code § 2699.3.

**EIGHTH CAUSE OF ACTION**

**PENALTIES UNDER THE PAGA FOR FAILURE TO TIMELY PAY ALL WAGES OWED IN VIOLATION OF LABOR CODE §§ 201, 202, 203**

**(Against All Defendants)**

146. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

147. Plaintiff and numerous Aggrieved Employees are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom during the relevant liability period. As addressed in detail above, Defendants failed to pay these Employees all wages due and certain at the time of termination or within seventy-two (72) hours of resignation. The wages withheld from these Employees by Defendants remained due and owing for more than thirty (30) days from the date of separation from employment. Plaintiff seeks civil penalties against Defendants for their failure to timely pay Plaintiff and the Aggrieved Employee all wages owed during the applicable statutory period.

148. Under Labor Code § 202, where an employee voluntarily quits his or her employment without advance notice, all commission wages that can be reasonably calculated at the time must be paid to the employee within 72 hours of termination of the employment relationship.

149. Labor Code § 203 further provides: "(a) If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 201.9, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days…."

150. Under Labor Code § 2926, "[a]n employee who is not employed for a specified term and who is dismissed by his employer is entitled to compensation for services rendered up to the time of such dismissal." Also, under Labor Code § 2927, "[a]n employee who is not employed for a specified term and who quits the service of his employer is entitled to compensation for services rendered up to the time of such quitting."

151. Defendants failed to pay Plaintiff and the Aggrieved Employees without abatement, all wages as defined by applicable California law. Among other things, these Employees were not paid all regular and overtime wages, including by Defendants failing to pay for all hours worked or requiring off the clock work and by unlawfully under-recording time entries to the detriment of Employees, and Defendants failed to pay premium wages owed for unprovided meal periods and rest periods, as further detailed in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

152. All wages due and owing to Plaintiff and the Aggrieved Employees, including as required under Labor Code § 510, were therefore not timely paid by Defendants. Additionally, wages required by Labor Code § 1194 and other sections became due and payable to each employee in each pay period that he or she was not provided with a meal period or rest period or paid straight or overtime wages to which he or she was entitled.

153. Under Labor Code § 210, "(a) In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204*b*, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a

civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

154. Similarly, Section 20 of IWC Wage Order No. 1 addresses further penalties as follows: "(A) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to the civil penalty of: (1) Initial Violation — $50.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages. (2) Subsequent Violations — $100.00 for each underpaid employee for each pay period during which the employee was underpaid in addition to an amount which is sufficient to recover unpaid wages. (3) The affected employee shall receive payment of all wages recovered."

155. Plaintiff seeks to recover civil penalties pursuant to the PAGA that arise from the policies, practices and business acts of Defendants to the extent provided by law as a Representative Action, including reasonable attorneys' fees and costs, and as permitted by Labor Code § 558, as a separate civil penalty provided by the PAGA statute.

156. Defendants violated the above statutes by failing to promptly pay Plaintiff and the Aggrieved Employees all earned wages due each and every pay period, as well as immediately upon termination and/or within 72 hours upon resignation.

157. During the applicable statutory period, Defendants violated, and continue to violate, California Labor Code §§ 201-203, 2926, and 2927 by failing to compensate employees, including Plaintiff and other Aggrieved Employees no longer working for Defendants, for services rendered up to the time of dismissal or quitting, and for failing to timely do so.

///

///

///

158. Labor Code § 2699(f)(2) states: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows ... (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

159. Labor Code § 2699.3 allows "(a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5" to commence upon satisfaction of its written notice requirements. Plaintiff has fully complied with procedures specified in Labor Code § 2699.3. Additionally, Labor Code § 2699.5 provides, in pertinent part that "[t]he provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: "[Labor Code §§] 201,… 202, 203, …204,… 558,…1198,…." among the provisions of the Code that allow for recovery of civil or statutory penalties pursuant to the PAGA.

160. Defendants' failure to pay wages, as alleged, entitles Plaintiff and the Aggrieved Employees to penalties under Labor Code § 203 and the applicable paragraphs of the IWC Wage Orders as addressed above, including the requirement that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

161. Defendants are liable for PAGA penalties resulting from their failure to timely pay all wages owed to Plaintiff and the Aggrieved Employees at the time of their termination of separation from employment, and failure to timely pay all wages owed twice monthly. Accordingly, Plaintiff is entitled to recover, and hereby seeks through this Representative Action, all civil and statutory penalties authorized for violations under Labor Code §§ 201, 201, 203, 204, 1197.5, 1198, 2926, and 2927, and Plaintiff seeks all civil penalties available and applicable under Labor Code §§ 201, 202, 203, 210, 558, 1197, and 2699(f)(2), and Section 20 of the applicable IWC Wage Order(s), and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

///

///

///

**NINTH CAUSE OF ACTION**

**PENALTIES UNDER THE PAGA FOR VIOLATION OF LABOR CODE § 221**

**(Against All Defendants)**

162. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

163. Labor Code § 221 provides, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Additionally, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, employers must timely pay its employees for all hours worked. Defendants failed to do so. These unlawful deductions equate to additional unpaid wage violations giving rise to PAGA penalties, and Labor Code § 221is an enumerated provision under Labor Code § 2699.5. Labor Code § 2699.3 allows "(a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5" to commence upon satisfaction of its written notice requirements. Additionally, Labor Code § 2699.5 provides, in pertinent part that "[t]he provisions of subdivision (a) of Section 2699.3 apply to any alleged violation of the following provisions: [Labor Code §§] 204,… 221, …510, 512,… 1194, 1197, 1197.1 and 1198…1199," and these provisions of the Code allow for recovery of civil penalties pursuant to the PAGA in this action.

164. Defendants unlawfully received and/or collected wages from the Aggrieved Employees by requiring off-the-clock work, as well as by rounding down and understating the hours worked by Employees, and by failing to pay and miscalculating overtime resulting in underpaying overtime by not including bonuses in the calculation, and by not lawfully providing meal periods and rest periods, and not paying one hour of pay at the regular rate of compensation for every meal and rest period violation endured by Plaintiff and the other Aggrieved Employees, as addressed in detail above. Additionally, Defendants operated under unlawful alternative workweek schedules that systematically failed to pay overtime hours and to pay them at the correct overtime rates. By not compensating Employees for all hours worked, and by failing to compensate them at the required regular and overtime rates of pay, Defendants unlawfully deducted wages earned in violation of Labor

Code § 221.

165. As such, Defendants are liable for PAGA penalties resulting from these unlawful deductions and Plaintiff is entitled to recover, and hereby seeks through this representative action, all civil and statutory penalties authorized for violations of California Labor Code §§ 221, 1197, 1197.1, 1198 and Sections 2(K), 4, and 20 of the applicable IWC Wage Order(s), and Plaintiff seeks all civil and statutory penalties available and applicable under Labor Code §§ 221, 1197, 1197.1, 1199, 2699(f)(2), and 2699.5, and also attorneys' fees and costs pursuant to Labor Code § 2699(g)(1). Plaintiff has fully complied with procedures specified in Labor Code § 2699.3.

**TENTH CAUSE OF ACTION**

**PENALTIES UNDER THE PAGA FOR FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES LABOR CODE § 2802**

**(Against All Defendants)**

166. Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

167. Plaintiff is informed and believes and based thereon alleges that throughout the period applicable, Defendants required Plaintiff and the Aggrieved Employees to pay for necessary work related expenses they incurred. Defendants required Plaintiff and the Aggrieved Employees to use their cellular phones to conduct work-related business, such as correspondences with managers regarding work, as addressed above. Plaintiff and the Aggrieved Employees must be reimbursed for these necessary business expenses under Labor Code § 2802 and Defendants systematically failed to do so.

168. Defendants thus followed a uniform policy and practice of failing to reimburse Employees for these necessary work-related expenses or losses incurred in direct discharge of their job duties during employment with Defendants and at the direction of the Defendants pursuant to Labor Code § 2802(a) and the applicable IWC Wage Orders, paragraph 9.

169. Defendants' knowing and willful failure to reimburse lawful necessary work related expenses and losses to Plaintiff and the Aggrieved Employees resulted in damages because, among other things, Defendants did not inform employees of their right to be reimbursed for those work

related expenses. As Defendants failed to inform and misled Plaintiff and the Aggrieved Employees with regard to their rights, Plaintiff and the Aggrieved Employees were led to believe that incurring those lawful and necessary expenses was an expected and essential function of their employment with Defendants and that failure to incur those expenses would have adverse consequences on their employment.

170. Plaintiff accordingly seeks this relief available for Defendants' failure to reimburse them and the other Aggrieved Employees for these necessary work related expenses or losses incurred in direct discharge of their job duties during employment in violation of Labor Code §§ 2802 and the civil and statutory penalties available and applicable under Labor Code §§ 558, 2699(f)(2), and 2802 and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1). Labor Code § 2699(g)(1).

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for the following relief:

1. On the First Cause of Action: For recovery of all civil penalties for unpaid minimum and regular wages for all hours worked during the applicable statutory period as permitted by California Labor Code §§ 510, 1194, 1197, 1197.1, 1198, 221 and 204 and Sections 2(K), 4, and 20 of the applicable IWC Wage Order(s), including civil and statutory penalties available and applicable under Labor Code §§ 510, 558, 1194.2, 1197.1, 1199, 2699(f)(2), and 2699.5, to be distributed in the manner provided by Labor Code § 2699(i), with 65% of recovery to the LWDA and 35% of the recovery to the Aggrieved Employees in an amount according to proof and subject to approval by the Court;

2. On the Second Cause of Action: For recovery of all civil penalties for unpaid overtime and premium wages for all hours worked during the applicable statutory period as permitted by Labor Code §§ 510, 1194, 1197, 1197.1, 1198, and 204 and Sections 2(K), 4, and 20 of the applicable IWC Wage Order(s), including all civil and statutory penalties available and applicable under Labor Code §§ 510, 558, 1194.2, 1197.1, 1199, 2699(f)(2), and 2699.5, with 65% of recovery to the LWDA and 35% of the recovery to the Aggrieved Employees in an amount according to proof and subject to approval by the Court;

///

3. On the Third Cause of Action: For recovery of all civil penalties for failure to pay Employees with all their required reporting time pay in violation of Wage Order 5-2001 and 8 § CCR 11040(5) and civil and statutory penalties available and applicable under Labor Code §§ 204, 558, including sections 558(a)(1)-(3), 1199, 2699(f)(2) and 2699.5, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1), with 65% of recovery to the LWDA and 35% of the recovery to the Aggrieved Employees in an amount according to proof and subject to approval by the Court;

4. On the Fourth Cause of Action: For recovery of all civil penalties for non-compliant meal periods during the applicable statutory period and failure to pay one-hour of premium wages to Plaintiff and the Aggrieved Employees as permitted by Labor Code §§ 226.7, 512, 558, and 1198, and Section 11(A)-(E) of the applicable IWC Wage Orders, including all civil and statutory penalties available and applicable under Labor Code §§ 226.7, 512, 558, including sections 558(a)(1)-(2), 2699.3, and 2699(f)(2), to be distributed in the manner provided by Labor Code § 2699(i), with 65% of recovery to the LWDA and 35% of the recovery to the Aggrieved Employees in an amount according to proof and subject to approval by the Court;

5. On the Fifth Cause of Action: For recovery of all civil penalties for non-compliant rest periods during the applicable statutory period and failure to pay one-hour of premium wages to Plaintiff and the Aggrieved Employees as permitted by Labor Code §§ 226.7, 512, 558, and 1198, and Section 11(A)-(E) of the applicable IWC Wage Orders, including all civil and statutory penalties available and applicable under Labor Code §§ 226.7, 512, 558, including sections 558(a)(1)-(2), 2699.3, and 2699(f)(2), to be distributed in the manner provided by Labor Code § 2699(i), with 65% of recovery to the LWDA and 35% of the recovery to the Aggrieved Employees in an amount according to proof and subject to approval by the Court;

6. On the Sixth Cause of Action: For recovery of all civil penalties for inaccurate wage statements Defendants provided to Plaintiff and the Aggrieved Employees and failure to maintain employment records as permitted by Labor Code §§ 226, 1174, 1198, and 1198.5, and Sections 7(A), 7(B), and 7(C) of the applicable IWC Wage Order(s), including all civil and statutory penalties available and applicable under Labor Code §§ 226(e), 226.3, 558, 1174.5, and 2699(f)(2), and specifically electing civil penalties under Labor Code §226.3, which in addition to other penalties

provided by law, subjects Defendants to "a penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, …" to be distributed in the manner provided by Labor Code § 2699(i), with 65% of recovery to the LWDA and 35% of the recovery to the Aggrieved Employees in an amount according to proof and subject to approval by the Court;

7. On the Seventh Cause of Action: For recovery of all civil penalties pursuant to Labor Code § 2699(f)(2) where a statutory civil penalty is not provided, and where Aggrieved Employees were not paid, all wages due to them, including, but not limited to, overtime wages, minimum wages, and/or meal and rest period premiums, within any time period specified by California Labor Code § 204, including for all civil and statutory penalties available and applicable under Labor Code §§ 204, 2699(f)(2), and 2699.5, to be distributed in the manner provided by Labor Code § 2699(i), with 65% of recovery to the LWDA and 35% of the recovery to the Aggrieved Employees in an amount according to proof and subject to approval by the Court;

8. On the Eighth Cause of Action: For failing to pay all wages due and owing and to timely pay them to Aggrieved Employees upon termination or separation from employment as permitted under Labor Code §§ 201, 201, 203, 204, 1197.5, 1198, 2926, and 2927, including all civil and statutory penalties available and applicable under Labor Code §§ 201, 202, 203, 210, 558, 1197, and 2699(f)(2), and Section 20 of the applicable IWC Wage Order(s), to be distributed in the manner provided by Labor Code § 2699(i), with 65% of recovery to the LWDA and 35% of the recovery to the Aggrieved Employees in an amount according to proof and subject to approval by the Court;

9. Ninth Cause of Action: For recovery of all civil penalties pursuant to Labor Code § 2699(f)(2) where a statutory civil penalty is not provided, for Defendants' unlawful deductions from wages paid to Aggrieved Employees as permitted under California Labor Code §§ 221, 1197, 1197.1, 1198 and Sections 2(K), 4, and 20 of the applicable IWC Wage Order(s), including for all civil and statutory penalties available and applicable under Labor Code §§ 221, 1197, 1197.1, 1199, 2699(f)(2), and 2699.5, to be distributed in the manner provided by Labor Code § 2699(i), with 65% of recovery to the LWDA and 35% of the recovery to the Aggrieved Employees in an amount according to proof and subject to approval by the Court;

10. On the Tenth Cause of Action: For failing to reimburse all reasonable and necessary business expenses incurred by Aggrieved Employees in violation of Labor Code § 2802 and for the civil and statutory penalties available and applicable under Labor Code §§ 558, 2699(f)(2), and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1), to be distributed in the manner provided by Labor Code § 2699(i), with 65% of recovery to the LWDA and 35% of the recovery to the Aggrieved Employees in an amount according to proof and subject to approval by the Court;

11. For reasonable attorneys' fees and costs of suit to the extent permitted under the PAGA and applicable Labor Code sections, including Labor Code § 2699(g)(1), in an amount according to proof and subject to Court approval;

12. For pre-judgment and post-judgment interest at the legal rate of 10% in the State of California on readily calculable monies due to the extent provided by California law and authorized under the PAGA, in an amount according to proof; and

13. For such other and further relief as this Court may deem proper and just.

DATED: February 4, 2026

**D.LAW, INC.**

By: [signature]

Alvin B. Lindsay
William Tran
Attorneys for Plaintiff Jeff Allen Lawson, an individual, on behalf of himself and others similarly situated